**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-20086**
_____

**L. D. HILLARD,**

**Petitioner-Appellant,**

**versus**

**GARY L. JOHNSON, DIRECTOR,**
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**
**INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas, Houston**
**(CA-H-95-3166)**
_____

February 18, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM[*]:

Prisoner-appellant L.D. Hilliard (#191266) filed an original notice of appeal on 22 January 1996 from the district court's dismissal of his habeas corpus attack on the revocation of his "good time" and his § 1983 attack on the current terms of his parole review.  On 13 May, this court dismissed the appeal for want of prosecution; it was reinstated on 5 July, and a COA granted.

---

[*]     Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

On 26 April 1996, the President signed into law the Prison Litigation Reform Act (PLRA) which, *inter alia*, requires prisoners proceeding *in forma pauperis* in civil actions to pay this court's filing fee, or to pay 20% of the greater of: (a) the average monthly deposits to his trust fund account; or (b) the average monthly balance for the six month period preceding the date of the notice of appeal. The balance of the filing fee is to be collected from the litigant on the same terms, until the fee is paid in full.

Whether the date of appeal in this action is considered to be 22 January 1996, or 5 July 1996 is of no consequence, because even if the date of appeal were 22 January, the PLRA would apply to the appeal, as it was pending on the date of the enactment. *See* 28 U.S.C. § 1915(b)(1),(2); ***Strickland v. Rankin County Corr. Fac.***, ___ F.3d ___, 1997 WL 35406 (5th Cir., Jan. 30, 1997); ***Moreno v. Collins,*** ___ F.3d ___, 1997 WL 35408 (5th Cir., Jan. 9, 1997).

Hilliard has 30 days from the date of this order to comply with the requirements of the PLRA, including:

1) payment of the appellate filing fee of $105.00 to the clerk of the district court; or

2)(a) the filing in this court of an affidavit stating all assets that Hilliard possesses, and

(b) the filing of a certified statement by the custodian of Hilliard's trust fund account for the six month period immediately prior to the date of filing the notice of appeal herein.

The clerk of this court is directed to provide Hilliard with the proper forms for compliance herewith.

This appeal is held in abeyance until Hilliard complies herewith or until the expiration of 30 days, whichever period is shorter.  If Hilliard does not comply within 30 days, the clerk of this court is directed to dismiss the appeal for lack of prosecution.  *See* Fifth Circuit Rule 42.3.

Hilliard's unopposed motion for leave to file a reply brief out of time is **GRANTED**.